IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:09-CV-313 |
| | ) | |
| ABT ELECTRONICS, INC., | ) | Jury Trial Requested |
| BLUEFLY, INC., | ) | |
| COASTAL CONTACTS INC., | ) | |
| THE ESTÉE LAUDER COMPANIES INC., | ) | |
| IMPROVEMENT DIRECT, INC., | ) | |
| PETMED EXPRESS, INC., and | ) | |
| POLO RALPH LAUREN CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Charles E. Hill & Associates, Inc., ("Hill") files this Complaint for Patent Infringement against the following defendants: Abt Electronics, Inc., Bluefly, Inc., Coastal Contacts Inc., The Estée Lauder Companies Inc., Improvement Direct, Inc., PetMed Express, Inc., and Polo Ralph Lauren Corporation (collectively, "Defendants").

**I.    THE PARTIES**

1.     Hill is a Delaware corporation with its principal place of business in the Eastern District of Texas at 120 E. Austin Street, Suite 205, Jefferson, Texas, 75657. Hill's mailing address is P.O. Box 1007, Jefferson, Texas, 75657-1007.

2.     Abt Electronics, Inc., ("Abt") is a corporation organized and existing under the laws of the State of Illinois and, upon information and belief, maintains its principal place of business at 1200 N. Milwaukee Avenue, Glenview, Illinois, 60025. Hill intends to serve copies of this Complaint and a summons on Abt, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at

-2-

the address of Abt's registered agent in Illinois: Marshall D. Krolick, 225 W. Washington Street, Suite 1700, Chicago, Illinois, 60606.

3. Bluefly, Inc., ("Bluefly") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains its principal place of business at 42 W. 39th Street, 9th Floor, New York, New York, 10018. Hill intends to serve copies of this Complaint and a summons on Bluefly, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Bluefly's registered agent in Delaware: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

4. Coastal Contacts Inc. ("Coastal Contacts") is a corporation organized and existing under the laws of British Columbia, Canada, and, upon information and belief, maintains its principal place of business in Canada at 2985 Virtual Way, Suite 320, Vancouver, British Columbia, V5M 4X7. Upon information and belief, Coastal Contacts maintains its principal place of business in the United States at 1125 Fir Avenue, Blaine, Washington, 98230. Hill intends to serve copies of this Complaint and a summons on Coastal Contacts, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at one or both of the foregoing addresses.

5. The Estée Lauder Companies Inc. ("Estée Lauder") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains its principal place of business at 767 5th Avenue, New York, New York, 10153. Hill intends to serve copies of this Complaint and a summons on Estée Lauder, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Estée Lauder's registered agent in Delaware: The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

6. Improvement Direct, Inc., ("Improvement Direct") is a corporation organized and existing under the laws of the State of California and, upon information and belief, maintains its

principal place of business at 282 Convair Avenue, Chico, California, 95973.  Improvement Direct also maintains offices at 12500 Jefferson Avenue, Newport News, Virginia, 23602.  Hill intends to serve copies of this Complaint and a summons on Improvement Direct, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Improvement Direct's registered agent in California:  Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California, 95833.

7.    PetMed Express, Inc., ("PetMed") is a corporation organized and existing under the laws of the State of Florida and, upon information and belief, maintains its principal place of business at 1441 SW 29th Avenue, Pompano Beach, Florida, 33069.  Hill intends to serve copies of this Complaint and a summons on PetMed, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of PetMed's registered agent in Florida:  Bruce Rosenbloom, 1441 SW 29th Avenue, Pompano Beach, Florida, 33069.

8.    Polo Ralph Lauren Corporation ("Ralph Lauren") is a corporation organized and existing under the laws of the State of Delaware and, upon information and belief, maintains its principal place of business at 650 Madison Avenue, New York, New York, 10022.  Hill intends to serve copies of this Complaint and a summons on Ralph Lauren, pursuant to FED. R. CIV. P. 4 and Local Rule CV-4, at the address of Ralph Lauren's registered agent in Texas:  CSC United States Corp., 701 Brazo Street, Suite 1050, Austin, Texas, 78701.

## II. JURISDICTION AND VENUE

9.    Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–8, *supra*.

10.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over each of the Defendants. Each of the Defendants has conducted, and does conduct, business within the State of Texas and the Eastern District of Texas. As set forth in paragraphs 13–42, *infra*, each of the Defendants operates one or more electronic catalogs that are accessible from within the State of Texas and the Eastern District of Texas and that infringe one or more claims of patents owned by Hill. As further set forth in paragraphs 13–42, *infra*, on information and belief, each of the Defendants has contributed to and induced acts of infringement within the State of Texas and the Eastern District of Texas. Further, on information and belief, each of the Defendants, directly, or through intermediaries (including distributors, dealers, resellers, and others), ships, distributes, offers for sale, sells, and advertises its products and/or services in the United States, including within the State of Texas and the Eastern District of Texas. Each of the Defendants has committed the tort of patent infringement within the State of Texas and the Eastern District of Texas.

12. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### III.   PATENT INFRINGEMENT

13. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–12, *supra*.

14. Hill owns all of the rights and interests in United States Patent Nos. 5,528,490 ("the '490 Patent"); 5,761,649 ("the '649 Patent"); and 6,029,142 ("the '142 Patent"). True and accurate copies of the '490 Patent, the '649 Patent, and the '142 Patent are attached hereto as Exhibits A, B, and C, respectively.

15. Each of the Defendants is in the business of selling products over the Internet.

16. Each of the Defendants provides product information, offers products for sale, and, upon information and belief, sells products, over the Internet.

-5-

17. Each of the Defendants operates one or more electronic catalogs, including, but not limited to, one or more websites, that display product information. Defendants operate their respective electronic catalogs alone and/or in conjunction with various agents and/or contractors. Defendants' respective electronic catalogs operate, and/or have operated, using at least server hardware and software, such as, for example, Apache HTTP Server software.

18. Defendants' respective electronic catalogs are accessible using hardware, such as, for example, a personal computer, equipped to run software such as, for example, browser software. Defendants' respective electronic catalogs are accessible by Defendants' respective employees, agents, and contractors, as well as by Defendants' respective actual and prospective customers, from within the State of Texas and the Eastern District of Texas and, upon information and belief, all other U.S. federal judicial districts and states.

A.     **Infringement of the '490 Patent**

19. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–18, *supra*.

20. The '490 Patent was duly and legally issued by the United States Patent and Trademark Office on June 18, 1996 after full and fair examination.

21. The '490 Patent relates to an electronic catalog system and method for, among other things, producing information related to a selected product on a remote computer.

22. Each of the Defendants is infringing the '490 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '490 Patent.

23.     Each of the Defendants is infringing the '490 Patent literally and/or under the doctrine of equivalents.

24.     Each of the Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '490 Patent by others, including, but not limited to, the Defendants' respective agents, contractors, and actual and prospective customers who access the Defendants' respective electronic catalogs (collectively, "Third Parties").

25.     Upon information and belief, the other entities with whom each of the Defendants is jointly infringing the '490 Patent include, but are not limited to, the Defendants' respective Third Parties.  Upon information and belief, each of the Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '490 Patent, and, as such, is liable for the infringements of the '490 Patent that result from those activities alone or in combination with certain activities of Defendants, which activities also constitute one or more steps claimed in the '490 Patent; specifically, to the extent that each of the Defendants does not individually perform each and every step of one or more of the methods claimed in the '490 Patent, then, upon information and belief, the Defendants' respective Third Parties perform the remaining claim steps under Defendants' direction and/or control such that the combination of the activities of each Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '490 Patent.

**B.     Infringement of the '649 Patent**

26.     Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–25, *supra*.

27.     The '649 Patent was duly and legally issued by the United States Patent and Trademark Office on June 2, 1998 after full and fair examination.

28. The '649 Patent relates to a method for updating a remote computer as a means of storing product data.

29. Each of the Defendants is infringing the '649 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '649 Patent.

30. Each of the Defendants is infringing the '649 Patent literally and/or under the doctrine of equivalents.

31. Each of the Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '649 Patent by others, including, but not limited to, the Defendants' respective agents, contractors, and actual and prospective customers who access the Defendants' respective electronic catalogs (collectively, "Third Parties").

32. Upon information and belief, the other entities with whom each of the Defendants is jointly infringing the '649 Patent include, but are not limited to, the Defendants' respective Third Parties. Upon information and belief, each of the Defendants directs and/or controls certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '649 Patent, and, as such, is liable for the infringements of the '649 Patent that result from those activities alone or in combination with certain activities of Defendants, which activities also constitute one or more steps claimed in the '649 Patent; specifically, to the extent that each of the Defendants does not individually perform each and every step of one or more of the methods claimed in the '649 Patent, then, upon information and belief, the Defendants' respective Third Parties perform the remaining claim steps under Defendants' direction and/or

control such that the combination of the activities of each Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '649 Patent.

C. **Infringement of the '142 Patent**

33. Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–32, *supra*.

34. The '142 Patent was duly and legally issued by the United States Patent and Trademark Office on February 22, 2000 after full and fair examination.

35. The '142 Patent relates to an electronic catalog system and method to, among other things, display product information data.

36. Each of the Defendants is infringing the '142 Patent directly, and/or jointly with other entities, by, without authority, importing into the United States, and/or making, using, selling, and/or offering for sale in the United States, including within the State of Texas and the Eastern District of Texas, their respective electronic catalogs, which electronic catalogs embody the patented inventions claimed in the '142 Patent.

37. Each of the Defendants is infringing the '142 Patent literally and/or under the doctrine of equivalents.

38. Each of the Defendants is actively, intentionally, and/or knowingly inducing or contributing to such infringement of the '142 Patent by others, including, but not limited to, the Defendants' respective agents, contractors, and actual and prospective customers who access the Defendants' respective electronic catalogs (collectively, "Third Parties").

39. Upon information and belief, the other entities with whom each of the Defendants is jointly infringing the '142 Patent include, but are not limited to, the Defendants' respective Third Parties. Upon information and belief, each of the Defendants directs and/or controls

certain activities of its respective Third Parties, which activities constitute one or more steps claimed in the '142 Patent, and, as such, is liable for the infringements of the '142 Patent that result from those activities alone or in combination with certain activities of Defendants, which activities also constitute one or more steps claimed in the '142 Patent; specifically, to the extent that each of the Defendants does not individually perform each and every step of one or more of the methods claimed in the '142 Patent, then, upon information and belief, the Defendants' respective Third Parties perform the remaining claim steps under Defendants' direction and/or control such that the combination of the activities of each Defendant and its respective Third Parties constitutes a performance of each and every step of at least one of the methods claimed in the '142 Patent.

### IV.    CLAIMS INCIDENT TO THE DEFENDANTS' INFRINGEMENT

40.    Hill hereby realleges and incorporates by reference, as if fully set forth herein, its aforestated allegations in paragraphs 1–39, *supra*.

41.    On information and belief, each of the Defendants will continue to infringe the '490 Patent, the '649 Patent, and the '142 Patent, causing immediate and irreparable harm to Hill, unless this Court enjoins and restrains the Defendants' activities.

42.    Prior to the filing of this action, Hill complied with the requirements of 35 U.S.C. § 287(a).

### V.    PRAYER FOR RELIEF

**WHEREFORE,** Hill respectfully requests that this Court enter judgment:

A.    Determining that U.S. Patent Nos. 5,528,490; 5,761,649; and 6,029,142 are valid, enforceable, and infringed by each of the Defendants;

B.    Entering a permanent injunction against each of the Defendants, enjoining them; their respective directors, officers, agents, employees, successors, subsidiaries, assigns; and all

persons acting in privity, concert, or participation with each of the Defendants, respectfully, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and/or services embodying the patented inventions claimed in the '490 Patent, the '649 Patent, and the '142 Patent;

      C.      Awarding Hill such damages to which it is entitled, pursuant to 35 U.S.C. § 284;

      D.      Awarding Hill enhanced damages, pursuant to 35 U.S.C. § 284;

      E.      Awarding Hill pre-judgment and post-judgment interest as allowed by law;

      F.      Awarding Hill its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and,

      G.      Awarding such other and further relief as the Court deems just, equitable, and proper.

## VI.    REQUEST FOR TRIAL BY JURY

Hill respectfully requests that all issues so triable be tried by and before a jury.

Respectfully submitted,

_____
Scott E. Stevens, Lead Attorney
Texas Bar No. 00792024
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606-3427
Telephone: (903) 753-6760
Facsimile: (903) 753-6761
E-mail: scott@stevenslove.com

R. Trevor Carter (*pro hac vice to be filed*)
Indiana Bar No. 18562-49
Stacy L. Prall (*pro hac vice to be filed*)
Indiana Bar No. 19326-49A
Brandon S. Judkins (*pro hac vice to be filed*)
Indiana Bar No. 24495-49
Daniel M. Lechleiter (*pro hac vice to be filed*)
Indiana Bar No. 25675-49
BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
E-mail: trevor.carter@bakerd.com
          stacy.prall@bakerd.com
          brandon.judkins@bakerd.com
          daniel.lechleiter@bakerd.com

*Attorneys for Plaintiff,*
*Charles E. Hill & Associates, Inc.*

-11-