UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES E. HILL & ASSOCIATES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:09CV313 (TJW-CE) |
| ABT ELECTRONICS, INC., BLUEFLY, INC., COASTAL CONTACTS, INC., THE ESTEE LAUDER COMPANIES, INC., IMPROVEMENT DIRECT, INC., PETMED EXPRESS, INC., and POLO RALPH LAUREN CORPORATION, | § § § § § § § § | Jury Trial Requested |
| Defendants, | § § | |
| and | § § | |
| COASTAL CONTACTS, INC., | § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| ELASTIC PATH SOFTWARE, INC., | § § | |
| Third-Party Plaintiff, | § | |

**DEFENDANT COASTAL CONTACTS, INC.'S**
**THIRD-PARTY COMPLAINT FOR INDEMNITY**

Defendant and Third-Party Plaintiff Coastal Contacts, Inc. ("Coastal Contacts"), brings this action against Third-Party Defendant Elastic Path Software, Inc. ("Elastic Path") and alleges as follows:

1

**Parties to the Third-Party Complaint**

1.  Coastal Contacts is a corporation organized and existing under the laws of Canada with a principal place of business in Vancouver, Canada.

2.  Upon information and belief, Third-Party Defendant Elastic Path is a corporation organized and existing under the laws of Canada with a principal place of business at 225 West 8th Avenue, 3rd Floor, Vancouver, Canada.

**Jurisdiction and Venue**

3.  Plaintiff Charles E. Hill & Associates, Inc. has filed a Complaint alleging infringement of United States Patent Nos. 5,528,490, 5,761,649, and 6,029,142 (collectively "the patents-in-suit"). In its allegations of infringement, Hill stated that Coastal Contacts' "electronic catalogs embody the patented inventions claimed in" the patents-in-suit.

4.  The underlying action for patent infringement arises under the patent laws of the United States, Title 35, United States Code. Federal Courts have exclusive jurisdiction under Title 28, United States Code, particularly §1338(a). The Court has supplemental jurisdiction over the claims under Title 28, United States Code, particularly §1367(a), inasmuch as the claims herein are so related to the claims within the Court's original jurisdiction, including the underlying claim brought by Plaintiff, that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper under Title 28, United States Code §§1391(b) and (c).

**Count I**

**Express Indemnity**

6.  At all relevant times, Elastic Path is and has been obligated to indemnify and defend Coastal Contacts from and against Hill's claims of patent infringement pursuant to explicit

2

indemnification obligations set forth in Elastic Path's Software License Agreement with Coastal Contacts dated March 6, 2006.

## Count II

### Implied Indemnity

7.      Elastic Path is a merchant regularly dealing in goods of the kind of the products accused by Hill to infringe the patents-in-suit.

8.      Coastal Contacts has acquired the electronic catalogs accused by Hill to infringe the patents-in-suit from Elastic Path in the regular course of business.

9.      By virtue of this acquisition, Coastal Contacts is entitled to indemnification by Elastic Path under the common law. Elastic Path has an obligation to indemnify, defend and hold Coastal Contacts harmless from and against all claims asserted against Coastal Contacts in this action.

## Count III

### Declaratory Judgment

10.     Coastal Contacts repeats and realleges each and every allegation contained in Paragraphs 1-9 in this Third-Party Complaint as if fully set forth herein.

11.     At all relevant times, Elastic Path is and has been obligated to indemnify, defend, and hold harmless Coastal Contacts from and against all claims of patent infringement pursuant to explicit indemnification obligations set forth in Elastic Path's Software License Agreement with Coastal Contacts.

12.     At all relevant times, Coastal Contacts is and has been entitled to indemnification by Elastic Path under the common law.

13. An actual case or controversy exists between Coastal Contacts and Elastic Path, with respect to its duty to indemnify, defend and hold harmless Coastal Contacts from and against Hill's claims of patent infringement. Among other things, Coastal Contacts has demanded full defense and indemnification pursuant to the terms of Elastic Path's Software License Agreement with Coastal Contacts and Elastic Path to date has declined to affirm its obligations to indemnify, defend and hold harmless and has declined to take all necessary and appropriate actions in performance of such obligations. In light of the controversy between Coastal Contacts and Elastic Path, there is a need for the Court to determine and adjudicate the parties' respective rights and obligations with respect to Third-Party Defendants' duties to defend, indemnify and hold harmless.

**Jury Demand**

Coastal Contacts hereby requests a trial by jury as to all issues so triable.

**Prayer for Relief**

WHEREFORE, Coastal Contacts prays that this Court enter a judgment in favor of Coastal Contacts and against Elastic Path as to the products accused by Hill of infringing the patents-in-suit:

A. declaring that Elastic Path is liable to Coastal Contacts to indemnify, defend, and hold harmless Coastal Contacts from and against any claims or demands of Hill arising from infringement of the patents-in-suit;

B. declaring that, to the extent Coastal Contacts is liable to Hill for infringement of the patents-in-suit, Elastic Path is liable to Coastal Contacts and responsible for all damages

or other obligations Coastal Contacts may owe to Hill by reason of judgment, settlement or otherwise;

C. declaring that, by virtue of its duty to defend, indemnify and hold harmless, Elastic Path is liable for all losses, damages, fees and costs, including but not limited to attorneys' fees, incurred by Coastal Contacts as a result of Hill's claims in this action;

D. ordering Elastic Path to pay and satisfy any judgment that may be entered against Coastal Contacts on account of Hill's claims, reimburse any cost or loss suffered by Coastal Contacts, and otherwise hold harmless Coastal Contacts from all damages, losses, fees and costs resulting from Hill's claims;

E. awarding to Coastal Contacts its attorney fees and costs incurred in defending Hill's claims;

F. awarding to Coastal Contacts its attorney fees and costs incurred in bringing and prosecuting this Third-Party Complaint; and

G. awarding to Coastal Contacts such other and further relief as this Court may deem proper.

Dated: March 12, 2010                                    Respectfully submitted,

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Parker, Bunt & Ainsworth, P.C.
200 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com

Gordon T. Arnold
State Bar No. 01342410

>Jason A. Saunders
>State Bar No. 24042406
>Arnold & Knobloch, L.L.P.
>4900 Woodway, Suite 900
>Houston, TX  77056
>Telephone: 713-972-1150
>Facsimile: 713-972-1180
>E-mail: garnold@arnold-iplaw.com
>E-mail: jsaunders@arnold-iplaw.com
>
>Amy J. Benjamin
>Benjamin Law PC
>111 East 14th Street, Suite 469
>New York, NY 10003
>Telephone: 212-673-8350
>Facsimile: 212-658-9718
>E-mail: amy@benjaminlawpc.com
>
>Attorneys for Defendant
>Coastal Contacts, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this January 18, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

>/s/ *Robert Christopher Bunt*
>Robert Christopher Bunt